UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGGY S. RANDALL WIMPEE,

    Plaintiff,

v.                                                Case No. 8:17-cv-1912-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

## **ORDER**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1966, is high-school educated, and has past relevant work experience as an insurance agent. (R. 206, 241). On February 13, 2014, she applied for DIB and SSI, alleging disability as of January 1, 2009, due to anxiety, rheumatoid arthritis, thyroid problems, and both neck and back injuries. (R. 17, 197,

206). The Social Security Administration (SSA) denied her applications both initially and on reconsideration. (R. 14-33, 93-94, 119-20).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on March 7, 2016. (R. 36-72). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. *Id*. A vocational expert (VE) also testified. *Id*.

In a decision dated August 17, 2016, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date; (2) had the severe impairments of degenerative joint disease as well as degenerative disc disease of the cervical and lumbar spine; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform sedentary work, subject to certain postural and environmental limitations; and (5) based in part on the VE's testimony, could not perform her past relevant work but was capable of performing other jobs that exist in significant numbers in the national economy. (R. 20-33). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 33).

The Appeals Council subsequently denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is eligible for either DIB or SSI, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018)[2] (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4). Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (11th Cir. 2001) (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).

III.

The Plaintiff raises two related arguments on appeal: (1) the ALJ erred in his consideration of the opinions of two state agency psychologists, Dr. Judith E. Meyers and Dr. Bevlyn Sagon; and (2) the ALJ also erred in finding that the Plaintiff's depression and anxiety were non-severe impairments. (Doc. 22). In response, the Commissioner asserts that the ALJ properly considered and weighed the opinions of the state agency doctors, and that substantial evidence supports his determination that the Plaintiff's mental impairments were non-severe. (Doc. 23 at 4, 6).

Upon a thorough review of the record and the parties' submissions, the Court concludes that, although the ALJ erred in according substantial weight to Drs. Meyers and Sagon's opinions, that error was harmless. The Court further concludes that the ALJ's finding that the Plaintiff's depression and anxiety were non-severe is based on substantial evidence.

A.

In support of her first argument, the Plaintiff claims that it is unclear whether Drs. Meyers and Sagon's opinions even pertain to her and that, in any event, these opinions are internally inconsistent, are "almost verbatim the same," and cite to evidence not reflected in the record. (Doc. 22 at 6). In short, the Plaintiff argues that these opinions are unreliable and should not have been given substantial weight. *Id*. Somewhat contradictorily, the Plaintiff also argues that the ALJ should have credited Drs. Meyers and Sagon's opinions that she is more mentally limited than the ALJ

assessed. The Court agrees that these doctors' opinions were flawed but finds the ALJ's error in according them substantial weight is ultimately inconsequential.

State agency medical consultants are considered experts in the Social Security disability evaluation process, 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i), and their findings of fact regarding the nature and severity of a claimant's impairments therefore "must be treated as expert opinion evidence of non-examining sources," Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *1 (S.S.A. July 2, 1996). When considering the weight to afford the opinions of state agency consultants, SSR 96-6p provides:

> [T]he opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge and Appeals Council levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist. . . .

1996 WL 374180, at *1.

In this case, in evaluating the severity of the Plaintiff's mental impairments, Drs. Meyers and Sagon assessed the impact of the Plaintiff's mental impairments on four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace (CPP); and (4) episodes of decompensation. *See* 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3) (identifying the four functional areas). Both doctors found that the Plaintiff's mental conditions of anxiety and depression did not

cause her any limitations in daily living activities and CPP, caused her only mild limitations in social functioning, and caused no episodes of decompensation (R. 78-79, 100). In other words, according to Drs. Meyers and Sagon, the Plaintiff's mental conditions did not impact her ability to perform work-related tasks and were thus non-severe. *See* 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) (stating that if the Commissioner rates the degrees of a plaintiff's limitation as "none" or "mild," she would generally conclude that the plaintiff's impairments are not severe, unless the evidence indicates that there is more than a minimal limitation in the plaintiff's ability to do basic work activities).

Contrary to these findings, however, Drs. Meyers and Sagon stated in the explanation section of their opinions that the Plaintiff had a moderate impairment in CPP and was limited to performing simple, routine, and repetitive tasks. (R. 79, 101). The doctors' opinions, however, do not address or clarify the discrepancy between their functional findings and their explanations. As a result, the proper assessment of the Plaintiff's CPP limitations in these opinions is unclear to the Court, as it should have been to the ALJ.

The doctors' opinions are flawed in other respects as well. Significantly, as the Plaintiff correctly notes, they are almost word-for-word the same and cite evidence that is not part of the record. *Compare* (R. 77-79) *with* (R. 99-101).

Given that unreliable or flawed evidence cannot support a finding of disability, the Court finds that the ALJ erred in according substantial weight to Drs. Meyers and Sagon's opinions. *See O'Donnell v. Astrue*, 2008 WL 2385515, at *4 (M.D. Fla. Jun. 9,

2008) (finding that a VE opinion that is flawed cannot support a finding that the plaintiff was not disabled).

Notwithstanding these deficiencies, the Court concludes that the ALJ's evaluation of the doctors' opinions constitutes harmless error because their overall findings that the Plaintiff suffers from non-severe mental impairments are consistent with other evidence in the record. *Jarrett v. Commr. of Soc. Sec.,* 422 F. App'x 869, 873 (11th Cir. 2011) (citing *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991)) ("where a non-examining physician's assessment does not contradict the examining physician's report, the ALJ does not err in relying on the non-examining physician's report"); *Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (per curiam) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (stating that an error is harmless when it does not prejudice a claimant)).

At step two of the evaluation process, the ALJ found that the Plaintiff's alleged impairments of depression and anxiety were "non-severe" and did not "significantly limit [her] ability to perform basic work-related activities." (R. 20). In support of this assessment, the ALJ relied not only on the opinions of Drs. Meyers and Sagon, but also on the records of the Plaintiff's treating physicians, Dr. Stephen B. Mazer and Dr. Robert Ledford, as well as on the opinion of a consultative examining psychologist, Dr. Fred L. Alberts, Jr. (R. 21-22). The ALJ additionally noted that the Plaintiff did not at that time receive mental health treatment and denied having any significant history of receiving such treatment despite reporting a history of bipolar disorder and posttraumatic stress disorder. (R. 22).

A review of Drs. Mazer and Ledford's records shows that, although diagnosed with anxiety, the Plaintiff's examinations did not reflect specific complaints relating to anxiety or other mental issues. For example, Dr. Mazer's treatment notes reveal that, notwithstanding the Plaintiff's diagnosis of anxiety, her medical examinations evidenced appropriate mental affect, good response to medications, and no referral for a psychiatric evaluation. (R. 969, 973, 977, 981, 985, 989, 993, 996, 1000, 1004, 1008, 1016). Similarly, Dr. Ledford's treatment notes indicated normal findings regarding the Plaintiff's mental status, including observations that the Plaintiff was not anxious or depressed. (R. 305, 315, 323, 350).

In addition, a review of Dr. Alberts's mental status assessment of the Plaintiff shows that, despite having an anxious mood, a restricted range of affect, and mild impairments on her attention and concentration during the examination, her speech was nonetheless clear and understandable, her thought processes were logical and coherent, she reported no unusual perceptual experiences, and she experienced no specific limitations in her daily living activities, including with respect to managing her funds. (R. 301).

Overall, this evidence supports the ALJ's finding that the Plaintiff's mental conditions constitute non-severe impairments that do not affect her ability to work, notwithstanding her diagnosis of anxiety. Indeed, the fact that Plaintiff was diagnosed with anxiety does not lead to a finding that she is limited by her mental impairments in her ability to work. *See Smith v. Comm'r of Soc. Sec.*, 501 F. App'x 875, 879 (11th Cir. 2012) (concluding that, although the record indicated a history of anxiety and

9

depression for which the claimant was prescribed medication, nothing in the record indicated that the claimant experienced any effects from the mental impairments that could be expected to interfere with her ability to work). Moreover, no treatment notes from or referrals to any mental health practitioners appear in the record, thereby undermining the Plaintiff's claim that her mental impairments were severe or restricted her ability to work. *See Manzo v. Comm'r or Soc. Sec.*, 408 F. App'x 265, 269 (11th Cir. 2011) (citing a lack of mental health treatment in finding that substantial evidence supported an ALJ's finding that a claimant failed to establish that her anxiety was a severe mental impairment). Consequently, any error the ALJ committed in evaluating Drs. Meyers and Sagon's opinions is harmless. *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) (stating that the courts declined to remand when doing so would be a wasteful corrective exercise considering the evidence of record) (citation omitted).

B.

The Plaintiff's second argument, which is intertwined with her first, is likewise unavailing. The Plaintiff asserts in this regard that, had the ALJ properly credited Drs. Meyers and Sagon's opinions that she was limited to simple, routine, and repetitive tasks, he would have found that the Plaintiff's mental limitations rendered her disabled. (Doc. 22).

At step two of the sequential evaluation process, the ALJ must gauge whether the claimant has a medically determinable impairment (or combination of impairments) that is severe. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4). This step

in the disability evaluation process is a "threshold inquiry," under which "only the most trivial impairments are to be rejected." *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)).

Additionally, in evaluating a plaintiff's mental impairments, the ALJ must apply the Psychiatric Review Technique (PRT) required by the Regulations. *Moore*, 405 F.3d at 1213; 20 C.F.R. §§ 404.1520a, 416.920a. As noted above, this technique requires an assessment regarding how the claimant's mental impairments impact four broad functional areas: (1) activities of daily living, (2) social functioning, (3) CPP, and (4) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). It also requires that the ALJ provide a specific explanation for his opinion, including the degree of limitation found in the four broad functional areas. *See id.* at §§ 404.1520a(c)(4), 416.920a(c)(4) (the Commissioner employs a five-point scale in the first three functional areas—none, mild, moderate, marked, and extreme—and a four-point scale for the fourth functional area—none, one to two, three, and four or more). Of importance here, if the rating given to the first three functional areas is either none or mild, and the rate given to the fourth area is none, generally, those findings support the conclusion that an impairment(s) is not severe. *Id.* at §§ 404.1520a(d)(1), 416.920a(d)(1).

In this case, during the sequential evaluation, the ALJ determined that the Plaintiff's mental impairments did not affect her ability to perform work-related duties. (R. 21). In arriving at this determination, the ALJ properly incorporated into his

11

decision his pertinent findings and conclusions based on the application of the PRT, including the degree of limitation for each of the four functional areas. *Moore*, 405 F.3d at 1213-14; 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4).[3] Specifically, the ALJ found that the Plaintiff had no episodes of decompensation, no limitations in daily living activities, and mild limitations in the areas of social functioning and CPP. (R. 20-21). The ALJ also found that because the Plaintiff's medically determinable impairments caused no more than mild limitations in any of the first three functional areas and no episodes of decompensation, her mental impairments were non-severe. *See* 20 C.F.R §§ 404.1520a(d)(1), 416.920a(d)(1).

As discussed above, the ALJ properly supported his findings regarding the Plaintiff's mental conditions with evidence from her treating physicians, the consultative examiner, as well as the lack of mental health treatment. (R. 22, 329, 333, 300).

Because the ALJ properly applied the PRT to determine the severity of the Plaintiff's mental impairments and nothing in the record (other than the flawed state agency psychologist opinions discussed in Section III(A), *supra*) supports the Plaintiff's allegations that her mental conditions limited her to only performing simple, routine, repetitive tasks, the ALJ's decision is supported by substantial evidence.

---

[3] While the ALJ considered the results of the state agency consultants' PRT analysis, his final findings regarding the severity of the Plaintiff's mental impairments were based on his own application of the PRT.

IV.

For the foregoing reasons, it is hereby ORDERED:

1)       The Commissioner's decision is AFFIRMED.

2)       The Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

DONE and ORDERED in Tampa, Florida, this 12th day of March 2019.

*[signature: Christopher P. Tuite]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record